IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOSÉ ALFREDO RUBIANI,

                    Plaintiff

      VS.

                                **NO. 5: 05-CV-194 (WDO)**

JAMES E. DONALD, *et al.*,

                    Defendants

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

---

# RECOMMENDATION

        Before the court is the defendants' Motion for Summary Judgment in the above-styled case (Tab #23), which is supported by a brief (Tab #18) and a Statement of Undisputed Material Facts (Tab #19). After being advised of his right to do so (Tab #24), plaintiff JOSÉ ALFREDO RUBIANI has responded to the motion (Tab #31), and the defendants have replied to the plaintiff's response (Tab #32).  Also in the record is the deposition of  plaintiff  RUBIANI (Tab #21), which includes various letters and grievances the plaintiff sent and filed regarding the facts and circumstances of this case.

## SUMMARY JUDGMENT STANDARD

        Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

        Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c)*; ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung,*** 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all

factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## FACTS

Plaintiff RUBIANI has not submitted a statement of disputed material facts, but in his response to the defendants' motion he states that "the defendants have not disputed plaintiff's complaint, but instead stated actually what plaintiff alleged happened in their statement of facts . . .." The undersigned takes this to mean that plaintiff has no objection to the statement of facts as provided by the defendants in their motion. Those facts are as follows:

The plaintiff's current incarceration began when he pled guilty to a murder charge in 1988.  He has been transferred through several prisons and was housed at Macon State Prison (MSP) from August of 2000 through August of 2005, during which time all of the events alleged in his complaint occurred.

On April 28, 2005, when he was 55 years old, after completing time in isolation for an incident arising at the prison library, plaintiff RUBIANI was moved into an administrative segregation dorm and put in a cell with Alfred Burgest, a 28 year old inmate.  The plaintiff was put in administrative segregation in order to keep him separated from another inmate-witness regarding the incident at the prison library.

Ten days after being placed in the cell with Burgest, having had no problem with his cellmate to that point, the plaintiff was told by another prisoner that Burgest had previously assaulted another inmate — Albert Green —  with a combination lock fastened around a belt.

After learning of Burgest's history, between May 3rd  and May 19th,  plaintiff RUBIANI sent several letters to the prison authorities —  Defendants Hall, Perry, and Ivey particularly — regarding his placement in segregation.  He also filed an informal grievance on May 9, 2005, and a formal grievance on May 17, 2005, both of which alleged that he should not be housed with Burgest.  In two of the plaintiff's letters, he stated that he did not feel that he had to request protective custody.  Significantly, plaintiff RUBIANI never stated in any of these letters that Burgest had threatened him.[1] Rubiani Depo. at 46.

After the plaintiff learned of Burgest's past, their relationship soured:  they began arguing and were not on speaking terms for several days.  On May 21, 2005, plaintiff confronted Burgest about the incident with Green.  This conversation ended in an argument, but Burgest never threatened the plaintiff.

- 3 -

---

[1]In his deposition, plaintiff Rubiani stated that he had "communicated to Macon State Prison officials that inmate Burgest had threatened [him] or made assaulted behavior toward [him] prior to May 22." Rubiani Depo. at 46-47.  During the deposition, however, plaintiff also agreed that if he could not produce any such communication to the court that they did not exist.  Id. at 48.  Since the plaintiff has not provided any such communication to the court, for the purposes of this motion, the undersigned finds that he never communicated any direct threat made towards him by Burgest.

At approximately 4:20 A. M. on the morning following the confrontation, Burgest pulled the plaintiff out of his bed and hit him in the head with his fist. As a result of the attack, plaintiff suffered a cut above his left eye and some bruises, as well as some soreness. Plaintiff went to the infirmary where the staff treated him for these injuries, including giving him Tylenol for pain. On a follow-up trip to medical on June 2, 2005, the plaintiff was given migraine medicine and a CT scan was recommended. The scan was taken and the results were negative for any brain or head injury.

## DISCUSSION
### Deliberate Indifference

The benchmark case dealing with protection against inmate-on-inmate violence is ***Farmer v. Brennan***, 511 U.S. 825 (1994), which holds that

> It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be objectively, sufficiently serious. . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

> The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. *Id.* at 834. (Internal punctuation and citations omitted.)

In the Eleventh Circuit, "an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." ***Boxer X v. Harris***, 437 F.3d 1107, 1111 (11th Cir. 2006), *citing **Johnson v. Breeden***, 280 F.3d 1308, 1321 (11th Cir.2002).

The only injuries plaintiff RUBIANI alleges to have suffered are a small cut above his eye, bruises, and some aching, which were treated with Tylenol and migraine medication. In the view of the undersigned, these injuries are *de minimis,* and plaintiff has failed to meet the *de minimus* requirement for a claim for relief pursuant to the Eighth Amendment.[2]

- 4 -

---

[2]Even if the plaintiff's injuries are not *de minimis*, the facts of the instant case are so similar to ***Carter v. Galloway***, 352 F.3d 1346 (11th Cir. 2003) (per curiam) (relieving prison officials of liability where they had knowledge of (1) an inmate's (Barnes) history of disobedience and violence, and (2) a veiled threat Barnes had given the plaintiff inmate before Barnes assaulted him) that the defendants are entitled to qualified immunity on the issue of deliberate indifference.

Accordingly, IT IS RECOMMENDED that the defendants be GRANTED summary judgment on plaintiff's claims for deliberate indifference in failing to protect him from an attack by a fellow inmate. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## STATE LAW CLAIM

In his complaint, plaintiff RUBIANI also presents a claim under state law against the defendants for failure to enforce a state statute which "provide[s] for the classification and separation of inmates with respect to age". O.C.G.A. § 42-5-52(a).   In light of this recommendation made herein with respect to plaintiff's federal claims, the undersigned declines to exercise pendent jurisdiction to consider plaintiff's state law claim.  Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. *Carnegie-Mellon Univ. v. Cohill*, 484 U. S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers v. Gibbs*, 383 U. S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).[3] State law claims should ordinarily be dismissed if all federal claims are eliminated before trial. *Gibbs* at 726.

Accordingly IT IS RECOMMENDED that the plaintiff's state law claims for relief pursuant to O.C.G.A. § 42-5-52(a) be **DISMISSED** *without prejudice* to his right to refile the same in state court. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

---

[3] The statute cited by the plaintiff does not appear to have ever been interpreted with respect to separation based on age and it is therefore likely that the defendants would be entitled to qualified immunity on that claim if this court were to entertain it.

## ADMINISTRATIVE SEGREGATION

The plaintiff alleges that Defendant Hall, the warden at the plaintiff's prison, violated his rights by placing him in administrative segregation after the plaintiff's punishment in isolation was concluded. The plaintiff claims that Hall took this action as retaliation. "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise". *McKune v. Lile*, 536 U.S. 24, 39 (2002). Defendant Hall has articulated the reasoning behind placing the plaintiff in segregation, and the plaintiff has not submitted any evidence other than conclusory allegations that Hall's actions were retaliatory. Such is insufficient to survive summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

Accordingly, IT IS RECOMMENDED that summary judgment be GRANTED to defendant HALL on plaintiff's First Amendment claim with respect to the plaintiff's placement in administrative segregation. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 8th day of SEPTEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE